Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2803 | **DATE** | 11/13/2012 |
| **CASE TITLE** | Freight Train vs. Rail Link | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to bar certain witnesses [73] is granted.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

   Plaintiff Freight Train Advertising ("FTA") sued Defendant Chicago Rail Link L.L.C. ("CRL") for fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment and breach of contract, arising out of a contract for the placement of a large advertisement on a railroad bridge above a highway in Illinois. In its pretrial witness list, CRL listed three witnesses not previously disclosed pursuant to Federal Rule of Civil Procedure 26(a). FTA filed a motion *in limine* to bar testimony of the three witnesses. FTA has withdrawn its motion with respect to two witnesses upon learning of the purpose of their testimony. The motion stands with respect to Mr. Richard Monocchio

   Federal Rule of Civil Procedure 37 states that a party that fails to provide information or identify a witness as required by Rule 26(a) or Rule 26(e) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37's sanction of witness exclusion "is automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless. *Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) (citing *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1231 (7th Cir. 1996)). The determination as to whether a violation of Rule 26 is justified or harmless is in the "broad discretion of the court." *Mid-American Tablewares, Inc. v. Mogi Trading Co., Ltd.,* 100 F.3d 1353, 1363 (7th Cir. 1996). In determining harmlessness, the court looks to the degree of prejudice or surprise to the party against whom the evidence is offered, the ability of the party to cure the prejudice, the likelihood of disruption to the trial, and the bad faith or wilfullness of the party that failed to disclose. *David v. Caterpillar*, 324 F.3d 851, 857 (7th Cir. 2003).

   Both parties point to the use of Mr. Monocchio's name during written discovery and during the deposition of CRL employee Adam Hess, taken on September 20, 2011 - CRL as evidence of "effective disclosure" rendering CRL's failure to disclose Mr. Monocchio harmless, and FTA as evidence of the length

**STATEMENT**

of time that Mr. Monocchio was known to CRL without supplementing the Rule 26 disclosures. CRL should have disclosed Mr. Monocchio as part of its Rule 26(a) disclosures, or supplemented the disclosures per Rule 26(e). Having not done so, CRL may not use him as a witness at trial now.